UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PO CHHUOY and ANDY OEUNG,

    Plaintiffs,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

CASE NO.  C10-5157RJB/JRC

ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

    This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rules MJR3 and MJR4.  The Court, having reviewed plaintiff's application for IFP, complaint and the balance of the record contained herein, does hereby find as follows:

    Review of plaintiffs' complaint shows that the claims being made call into question the validity of a pending criminal matter.  Specifically, plaintiffs raise claims regarding the validity of a Pierce County conviction.  Plaintiffs seek civil monetary damages in the amount of $6,570,000 from the State of Washington for kidnapping and false imprisonment.

ORDER - 1

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court added:

> [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id.

Plaintiffs' claims call into question the legality of their current confinement. Plaintiffs must first raise these claims in a state court action, or, possibly, in a petition for writ of habeas corpus -- not a § 1983 civil rights claim for money damages. Thus, this §1983 civil rights complaint for monetary damages appears to be premature.

Based on the forgoing findings, it is hereby ORDERED that **by no later than April 30, 2010**, Plaintiffs shall either file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be summarily dismissed. If an amended complaint is not timely filed or if plaintiffs fail to adequately respond, the Court will recommend dismissal of this action.

The Clerk is directed to send plaintiffs a copy of this Order and the General Order

DATED this 24th day of March, 2010.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

ORDER - 2